Thank you, Your Honor. May it please the Court, again I apologize for my incompetence in that respect. Your Honor, I represent Wysingo Turner. This is an appeal from the District Court's denial of his habeas petition. As Judge Flown noted, this is an issue involving Second Amendment rights. It is our position that Mr. Turner, who possessed an FOID card, was someone who could be... Who possessed a what? He possessed an Illinois Firearms Identification Card. Please use real words. We are not specialists. Absolutely. He was a lawful gun owner under Illinois law, and he was charged with murder. The issue that came up during his trial was that he was cross-examined as to why he was carrying a loaded gun. Now, he had introduced the fact that he was carrying the gun. That wasn't an issue. Everybody knew he was carrying the gun. He had used the gun. But what the and argued to the jury was that he was a bad person because he was violating then-current Illinois law by carrying the gun in his car, loaded, and had done so on numerous occasions because he was Wysingo Turner and he could ignore the law. So that was the issue that was objected to, and it was fully preserved in the Illinois courts. Now, the habeas question divides itself into two parts. The first question, general question, is whether the... There's an EDPA bar or EDPA definition. Excuse me. Yes. Can you please use real words instead of initialisms? I'm sorry. The issue here is whether federal review under habeas is barred by federal law because the Illinois appellate court did not violate clearly established federal law or made an unreasonable application of it. So as Your Honor is aware, there's a very high standard for establishing that there's a violation on state court on habeas review. However, that standard is made in this case for two reasons. First of all, the Illinois court acknowledged and did not dispute that there was a clearly established right to carry a firearm outside the home. That had been established by Aguilar and Aguilar had followed the U.S. Supreme Court's interpretation in Heller and McDonald, particularly McDonald, which made it quite clear that the right to bear firearms exists both inside the home and outside the home. However, the next step in the analysis was whether the... Whether indicting or attacking Mr. Turner for carrying a gun around with him and doing an illegal thing violated his Second Amendment rights under Dawson versus Delaware, which said that you can't introduce irrelevant evidence in violation of a constitutional right without violating the Constitution. Now, the problem with the Illinois state court's analysis was that instead of confronting that issue, they ignored it. Instead of dealing with whether the prosecutor's cross-examination argument was right or wrong, instead, what the Illinois court said was, oh, after all, it was okay to introduce the gun. Of course it was okay to introduce the fact of the gun. That was introduced by the defendant himself and nobody disputed it. The issue was whether it was okay to cross-examine him about the legality and to argue the legality as an argument to convict him. And those things it was not right to do. And no fair-minded jurist could view the Illinois appellate court's decision and agree that the Illinois appellate court had made a reasonable application of either Heller, McDonald, or Dawson versus Delaware. No fair-minded jurist? Have you by any chance read the recent en banc decision in Young against Hawaii? From the Ninth Circuit, correct? Yes. Seven to four, the court holds en banc that the Second Amendment never creates a right to possess firearms outside the home. Now, they may be wrong, but it's very difficult after reading that to conclude that it is clearly established by the Supreme Court that they are wrong. Because then you have to say that the seven judges in the majority basically aren't law school graduates. Your Honor, the answer to that is no, and let me tell you why. First of all, the fair-minded jurist standard applies not to whether a right is clearly established, but to whether the application of a clearly established right is reasonable. Otherwise, the standard for review would be the same as the Harrison versus Richter standard, which it is not. What the U.S. Supreme Court said in Wilson, which is the most recent case even bearing on this issue, is that if the appellate court reaches a decision which is based on the merits, then the question is a question of whether their application is reasonable or not. I'm totally lost. I asked you a question about Young, and I don't know what you're answering, but it doesn't have anything to do with Young. You mean with the Ninth Circuit's decision? Yes. Is it not simply that they are wrong, as the dissent in Young contended, but that it was clearly established a decade ago that no reasonable person could think that? Well, the standard is whether it's clearly established, not whether it's clearly established that no reasonable person could think that. It was clearly established a decade ago, as this court acknowledged itself, that there's a clearly established right there. What the Seventh Circuit held is not clearly established by the Supreme Court of the United States. Courts of appeals that rely on their hometown precedent get summarily reversed. You have to point to a decision by the Supreme Court clearly establishing that there is a constitutional right to carry a loaded weapon outside the home without a public carry license of any sort. The reason I pointed to Young is because an en banc court of appeals thinks that that issue is still up in the air today, but it has not been clearly established by the Supreme Court. I'm trying to figure out how you think they are not wrong, but that it's clearly established that they are wrong. Because if you read Heller, it's clearly established. Heller says in words absolutely clear that the right to bear arms, first of all, there's a right not only to possess arms, but to bear arms. And it says that there's a right to bear arms for self-defense. And it says there's a right to bear arms outside the home. There's a discussion in Heller that's directly on point, in which they discuss whether, I'm sorry, McDonald, but directly on point, in which they discuss whether Heller would be limited to bearing arms inside the home. And they conclude that it is not. So there can be a clearly established right that some justices or some circuits make a mistake about. I have no axe to grind against the Ninth Circuit, but on habeas matters, their decisions are not always correct and are often reversed. But on this particular issue, you can say that a right is clearly established if the only dissenters are outliers. It's not a question of whether you went to law school or not, or whether you're a jurist or not. And on the question of whether a right is clearly established, it's not a matter for dispute among fair-minded jurists. It's a matter for principle is correct or not. And that's where deference to the state court is involved. There is, if there is no deference, and there is none, then this court can and should engage in de novo review. And under de novo review, this court has already decided that there is such a Turner's rights were violated when his possession of a gun outside the home was used to convict him of first-degree murder. All right. Thank you, Mr. Richards. Your time has expired. Mr. Fisher. Morning, Your Honors. Counselor, may it please the Court, Assistant Attorney General Garson Fisher for the respondent. As Your Honor's question suggested, the first step in review of any habeas complaint is to determine the clearly established Supreme Court precedent that governs petitioner's claim. And there is no Supreme Court precedent that holds it violates a defendant's constitutional rights to ask him about his public carriage of a firearm at his trial for committing a murder with that same firearm. Is this just a matter of evidentiary law? Your Honor, I think it most closely resembles an evidentiary claim based on propensity or other crimes evidence. That's not the claim that petitioner raises here. It wouldn't be cognizable if he did. And I think there's an argument to be made that, in fact, it was not error to admit, at least allow questioning about the fact that he chose to carry a weapon illegally under the law of Illinois at the time. Well, that was the whole thrust of the use of this evidence. The closing argument was on the propensity point that that's the kind of guy he is. He breaks the law by carrying a weapon, a gun, when he's not allowed to. It was rank propensity evidence, wasn't it? I can certainly concede it is a much closer question than the habeas question that is before this Court. There are easy cases and hard cases. That's a hard case. This is an easy one because there is no clearly established Supreme Court precedent. I'm sorry, Your Honor. I understand the distinction. We're here on 2254D and that's standard review. Yes, Your Honor. And petitioner attempts to cobble together a Supreme Court rule from Heller, McDonald, and Dawson, but neither case actually clearly establishes what he would need it to establish in order to receive relief on his complaint. Heller and McDonald clearly establish a rule that it violates the Second Amendment to completely bar possession of firearms in one's own home. Now, to be sure, this Court and the Illinois Supreme Court have both also held that it violates the Second Amendment to completely bar possession of firearms in one's own home. Now, if that's not the Supreme Court that's been alluded to, that's not the Supreme Court. And the fundamental principle of Heller and McDonald is that the core right protected by the Second Amendment is to self-defense in one's own home. As Your Honor has pointed out, the Ninth Circuit has declined to hold that the Second Amendment guarantees the right to public possession. There was some clearly established rule guaranteeing the right to public carriage of firearms. That's not petitioner's claim here. He has to take an additional step. And even he admits in briefing that Dawson's application to his case claim is not clear-cut. In the habeas context, that alone is fatal. Now, I'm lost about that. Suppose the question at trial had been, Mr. Turner, isn't it true that you recently published an op-ed piece in the Chicago Tribune? Yes. And then the question to the jury is essentially, well, anybody who will publish an opinion piece is probably a murderer. You would concede, I take it, that that kind of exchange would spoil the conviction. Oh, absolutely, Your Honor. That is a violation of the First Amendment to infer from doing one thing that you must be a murderer. Why isn't it equally true under the Second Amendment? Well, Dawson, the opinion in Dawson is grounded in First Amendment principles and jurisprudence that apply to that amendment's unique breadth. And neither this court nor the Supreme Court have ever applied Dawson outside of the First Amendment context. So to the question of whether it is clearly established that it violates a defendant's constitutional rights to ask him about an activity that is protected by a different... Look, as Chief Judge Sykes said, it's not simply asking him about it. It is a blatant request to draw an inference that people who do one supposedly bad thing will do others. This was not a murder prosecution based on, you violated the gun crime, you violated, you committed a gun crime, and therefore any other offense must be murdered. Right? If I'm following your question correctly, then correct, that is not what the argument that was made here... Right, there was no felony murder doctrine claim in the state prosecution. That is correct, Your Honor. Well, there could have been, right, if it was a felony to carry the gun in public, this could have been a felony murder prosecution, but it wasn't. You are correct, Your Honor, that it was not a felony murder prosecution. I've argued many felony murder cases in the Illinois Supreme Court, and I'm hesitant to concede that you could predicate a felony murder on an unlawful use of a weapon. I don't know much about Illinois law, but the usual statement of the doctrine is a death that ensues in the course of committing any other felony is murder. There are some limitations on the predicate felonies, but leaving that aside, Your Honor, this wasn't a felony murder case. If the questioning had relevance, it was in the context of a defendant's claim that he was acting in self-defense when he chose to bring the loaded weapon, illegally under Illinois law at the time, to the scene of the offense. But again, Your Honor, that would be an evidentiary propensity claim or other crimes type of evidentiary claim, which is not what's before this court and wouldn't be cognizable before this court. Petitioner's claim is that there is clearly established federal law as determined by the Supreme Court that it violates his constitutional right to ask him about his firearm. As we discussed, Heller and McDonald don't clearly establish the right to public carriage of a firearm, and Dawson only clearly establishes that asking about wholly irrelevant First Amendment protected activity violates constitutional rights. So because there is no established Supreme Court precedent that would govern petitioner's claim that it violated his rights to ask him about his public carriage of the firearm at his trial for a murder committed with that firearm, his habeas claim must fail. Unless Your Honors have any further questions, respondent would ask that the court affirm the judgment of the district court denying habeas relief. Thank you, Your Honors. All right. Thank you very much, Mr. Richards. Your time had expired, so we'll take the case under advisement and move to our next case.